UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No. 94-CR-153

TIMOTHY ANDREW LEWIS,

    Defendant.

ORDER DENYING MOTION FOR REDUCTION OF SENTENCE (DOC. 56),
MOTION FOR THE APPOINTMENT OF COUNSEL (DOC. 56),
AND MOTION TO COMPEL GOVERNMENT'S RESPONSE BRIEF (DOC. 59)

Timothy Lewis filed a pro se motion for sentence reduction under Amendment 750 to the U.S. Sentencing Guidelines and 18 U.S.C. § 3582, combined with a motion for appointment of counsel. Pursuant to an administrative order, the Federal Defender Services of Wisconsin was appointed to represent all defendants serving sentences imposed in this district who may have been eligible for relief under Amendment 750. As one of Lewis's counts of conviction involved possession with intent to distribute 6.91 grams of cocaine base, Lewis was a defendant the Federal Defender Services was appointed to represent. Therefore, Lewis' motion for a sentence reduction was referred to the Federal Defender Services for review and the possible filing of a motion or brief. Thus, Lewis's motion for appointment of counsel became moot.

Federal Defender Services informed the court on November 3, 2011, that it had reviewed Lewis's case but would not proceed on his behalf. Thereafter, the court ordered the United States to respond to Lewis' pro se motion by November 21, 2011. The United States failed to do so in a timely manner as directed, so Lewis, on December 7, filed a motion to compel the government to respond. Five days after the motion to compel was filed, the United States filed its brief in

opposition to the motion for sentence reduction. No explanation was given for the government's tardiness. Counsel for the United States should note that his tardiness and failure to explain that tardiness are noted.

The time for Lewis to reply has passed and the motion for a sentence reduction is ready for decision. For the following reasons the motion will be denied.

The docket entry for Lewis' sentencing hearing of May 31, 1995, indicates that Chief Judge Terence T. Evans adopted the factual findings and guidelines application of the presentence report. According to the presentence report, the guidelines calculation for Lewis's drug count (count three of the superseding indictment) relied on a finding of 6.91 grams of cocaine base, resulting in an offense level of 28 (after the addition of two points for obstruction of justice). (PSR ¶¶ 39-44). However, that guidelines calculation was trumped by the career offender provision of USSG § 4B1.1. (*See* PSR ¶¶ 49-51.) The career criminal provision bumped Lewis's offense level to 34 and his criminal history category to VI. (*Id.; see* USSG § 4B1.1 (1994))

Title 18 U.S.C. § 3582(c)(2) states that the court may reduce the term of imprisonment "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Regardless of whether Amendment 750 could retroactively lower the guidelines range for count three standing alone, the career offender provision controlled Lewis's sentence. As the career offender enhancement is unaffected by the recent guidelines amendment, Lewis's sentencing range did not change and no reduction in sentence is warranted. *See* USSG § 1B1.10(b)(1) (2011) (stating that the court "shall leave all other guideline application decisions unaffected").

For the above-stated reasons,

IT IS ORDERED that Lewis's motion for sentence reduction (Doc. 56) is denied.

IT IS ORDERED that Lewis's motions for appointment of counsel (Doc. 56) and to compel a response (Doc. 59) are denied as moot.

Dated at Milwaukee, Wisconsin, this 24th day of January, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE